Ollie Mae **WILKINS**, Plaintiff-Respondent,

v.

The **CITY OF ST. LOUIS**, a Municipal Corporation, Defendant-Appellant.

No. 32384.

St. Louis Court of Appeals.

Missouri.

June 14, 1966.

Motion for Rehearing or for Transfer to Supreme Court Denied July 13, 1966.

Thomas F. McGuire, City Counselor, Gary M. Gaertner, Associate City Counselor, James J. Gallagher, Associate City Counselor, St. Louis, for defendant-appellant.

Wyvetter H. Younge, Charles R. Oldham, St. Louis, Richard G. Younge, E. St. Louis, for plaintiff-respondent.

ANDERSON, Judge.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis, which reversed a decision of the Civil Service Commission of said city, and remanded the cause for further proceedings.

The subject matter of the action was whether plaintiff's right to apply for and receive sick leave with pay under Section 20 of Ordinance 50661 was automatically terminated on the date of the transfer of Malcolm Bliss Mental Health Center, where she worked, to the State of Missouri. Said ordinance provides as follows:

"SECTION 20. Sick leave with pay shall be granted to bi-weekly paid employees when approved by the employees' appointing authority for excused absence of an employee because of sickness, injury or physical inability to perform assigned duties. * * *

* * * * * *

"Any bi-weekly paid employee who shall suffer personal injury or unusual sickness arising out of and in the regular course of his employment while engaged in, or about the premises where his duties are being performed or where his presence is required as a part of his service shall report such injury or sickness to his immediate superior who shall in turn report, through proper channels, to the City Counselor and Department of Personnel all facts concerning the incident. The appointing authority shall provide such written information and recommendations as may be requested by the City Counselor. The City Counselor or his designated representative shall, upon his determination that such personal injury or unusual sickness arose in such manner, recommend in writing to the appointing authority the amount of disability leave with pay to be granted for such injury or unusual illness and the appointing authority shall grant the amount recommended by the City Counselor."

The position of "Hospital Attendant I" is listed in said ordinance as a bi-weekly employee entitled to benefits under the terms of the act.

In 1957, plaintiff was employed by the City as a Hospital Attendant I. On July 3, 1962, she injured her back while performing the duties of her employment at the Malcolm Bliss Mental Health Center. At that time Malcolm Bliss Mental Health Center was an institution owned and operated by the City of St. Louis. The parties have stipulated that plaintiff's injury arose out of and in the regular course of her employment.

As the result of the accident, plaintiff had an operation for a slipped intervertebral disc. Following this operation, she experienced difficulty in urinating due to damage to the nerve supply to the bladder which in turn was caused by the disc operation. In March 1963, she experienced complete inability to void. To remedy this situation, a second operation was performed with the result that a fistula developed causing plaintiff to lose control over the flow of urine from her bladder to such an extent she cannot go a full hour during the daytime without voiding. Her physician testified it was his opinon that at this stage the condition was permanent, and that plaintiff was not employable as of the date he last saw her (May 5, 1964). He further stated "actually this may be only the beginning of her medical problem in that ofttimes these patients are required to have a complete diversion of the urinary stream or to a pouch or some other appliance; that they generally are plagued with repeated infections because they do not void satisfactorily. * * *"

Thereafter, the City Counselor made a determination that plaintiff was entitled to sick leave with pay. This was not a final determination, as appears from a letter dated January 23, 1964, written by an Assistant City Counselor to Dr. Mowrer, Acting Superintendant and Medical Director of Malcolm Bliss. This letter was introduced in evidence. It is in words and figures as follows:

"Dear Dr. Mowrer:

"This is an answer to your request for an opinion of this office concerning the granting of disability leave to an employee of yours by the name of Mrs. Ollie Mae Wilkins.

"The facts that were reported to this office by your Center were as follows: On July 3, 1962, Mrs. Ollie Mae Wilkins was assisting about five or six patients who had gotten on the key elevator when the door automatically opened. She assisted all the patients back to the ward except Irene Davis, who did not want to get off. When Mrs. Davis appeared to be falling backward, Mrs. Wilkins in an attempt to aid her threw out her arms to catch her and in doing so felt a slight pull in her back. On July 4, Mrs. Wilkins, felt considerable pain in the lower portion of her back, consulted her physician and was later hospitalized.

"There is no question that such injury arose out of and in the regular course of employment of Mrs. Wilkins in the City Service. Therefore, it is the recommendation of this office that disability leave with pay be granted starting as of June 5, 1963, to February 29, 1964, for this employee.

"It is well to note that this is not a final determination of disability leave due to the fact that Mrs. Wilkins is still under treatment. Vilray P. Blair, Jr., M. D., who examined Mrs. Wilkins for this office, so stated that the above apparently had a severely herniated fifth lumbar disc with resultant damage to the nerve supply to the bladder and rectal sphincters. It is suspected she is leaking urine through a vesico-vaginal fistula at the present time; and when this is repaired, it is hoped that she'll be continent. He concluded it would be desirable to see the patient after bladder surgery.

"Dr. Jones of Homer G. Phillips Hospital, the physician for Mrs. Wilkins, informed me that the above had undergone bladder surgery; but it would be four to eight weeks before it could be determined if the operation was successful.

"Both doctors agreed that at the present time the employee would be unable to return to work.

"Dr. Jones informed me that if this operation is successful that Mrs. Wilkins could thereafter return to her normal duties. If such operation is not successful, then it might be sometime before this condition can be corrected and the patient returned to her normal duties.

"Therefore for the above reasons, I am recommending that this employee be carried on disability leave to February 29, 1964, at which time I will inquire as to her medical condition and whether it is necessary to keep her on disability leave or have her assume her duties in City Service."

On April 1, 1964, the City of St. Louis transferred Malcolm Bliss to the State of Missouri. Prior to the transfer, plaintiff was notified that her disability leave with pay would be terminated as of April 1, 1964, by reason of said transfer. The director of Malcolm Bliss was notified by the City Counselor's office of this determination by a letter dated March 5, 1964. Said letter is as follows:

"Dear Mr. Anderson:

"This is to confirm our telephone conversation of today in that I advised you to carry an employee of yours by the name of Ollie Mae Wilkins on the City payroll until her position is taken over by the State.

"I was informed by her physician, Dr. Marion E. Jones, that her period of disability would be at least an additional six weeks.

"Therefore, our granting her additional disability leave is contingent upon her position remaining under City Service. I am informed that her position will be assumed by the State of Missouri on April 1, 1964, and as a result, her disability leave by the City shall halt since such position comes under the control of

a different governmental unit on the above date."

On March 18, 1964, plaintiff appealed from the decision terminating her disability status. Said appeal was to the Civil Service Commission of the City of St. Louis. In her letter to the Director of Personnel, she stated that the two proposals made to her in the letter notifying her of the termination of her disability status were not acceptable to her. The proposals were: (1) transfer to State employment; (2) resign from City employment as of March 31, 1964, with lump sum vacation pay and placement on the appropriate City re-employment register.

Plaintiff never reported to work for the State of Missouri. In a letter dated May 25, 1964, plaintiff was advised by the State that she was being dismissed from service as of June 8, 1964, for physical inability to perform her duties.

Plaintiff's appeal to the Civil Service Commission came on for hearing on June 18, 1964. On August 20, 1964, the Commission made findings of fact and conclusions of law, the material parts thereof being as follows:

### "FINDINGS OF FACT

"1. Appellant was employed as a Hospital Attendant I by the City of St. Louis, Malcolm Bliss Mental Health Center on July 3, 1962. While employed, the Appellant injured her back while attempting to help a patient at the hospital who appeared to be falling.

"2. As a result of such service incurred injury, the Appellant has been given $4,685.33 in disability pay as of March 31, 1964, by the City of St. Louis.

"3. As of April 1, 1964, the State of Missouri commenced operation of the Malcolm Bliss Mental Health Center and all employees and positions operated by the City of St. Louis became positions and employees of the State of Missouri.

"4. The Appellant and her appointing authority who were so employed by the City of St. Louis at the Malcolm Bliss Mental Health Center therefore became personnel of the State of Missouri on April 1, 1964, and no longer were under the compensation ordinance of the City of St. Louis as of that date.

## "CONCLUSIONS OF LAW

\* \* \* \* \* \*

"2. Ordinance 50661, Section 20, states 'any bi-weekly paid employee who shall suffer personal injury \* \* \*.' The Appellant, Ollie Mae Wilkins, was no longer a bi-weekly paid employee of the City of St. Louis as of April 1, 1964. The Appellant was an employee of the State of Missouri as of April 1, 1964; therefore, the City had no further jurisdiction under Ordinance 50661, Section 20, to grant any further disability leave with pay to the Appellant.

"3. Ordinance 50661, Section 20, further states 'The City Counselor or his designated representative shall, upon his determination \* \* \* recommend in writing to the appointing authority the amount of disability leave with pay to be granted for such injury \* \* \* and the appointing authority shall grant the amount recommended by the City Counselor.' The appointing authority of the Appellant is no longer under City Service as of April 1, 1964, but under the control of the State of Missouri; therefore, the provisions of Ordinance 50661, Section 20, could not be met for there is no longer any appointing authority who could grant any further disability leave with pay.

"4. Article XVIII, Section 1(b), of the Charter of the City of St. Louis states as follows: ' "City service" or "service of the city" means all positions as herein defined, that are subject to control and regulation by the City of St.

Louis as a municipal corporation or any of its officers or other agencies as such.' Article XVIII, Section 1(i) of the Charter of the City of St. Louis and the adopted rules of the Civil Service Commission so define the word 'employee' as follows: ' \* \* \* means a person legally occupying a position.' Neither the position nor the person is under the control and regulation of the City of St. Louis; and, therefore, the City is without jurisdiction to grant any further disability leave with pay.

"5. Article VIII, Section 8 of the Charter of the City of St. Louis prohibits any employee of such city to hold any office or employment under the state or other political subdivision while a city employee. This Appellant is a State employee; and, therefore, is prohibited from holding any employment with the City.

"6. Ordinance 50661, Section 20, has so empowered the City of St. Louis to compensate its employees who have been injured, while on the job, by allowing them disability leave.

"7. Ordinance 50661, Section 20, does not contain the right to give a lump sum settlement to a former City employee whose position is now under the control of the State, since Ordinance 50661, Section 20, granting disability leave with pay does not provide in any manner for lump sum settlements.

"THEREFORE, it is the decision of the Civil Service Commission that the Appellant's disability pay under Ordinance 50661, was properly terminated as of April 1, 1964, since the Appellant is no longer a City employee and the position is under State control; nor do we have any authority in the present ordinance to give any lump sum settlement to a former employee.

Mr. George L. Stemmler, Member, dissents."

On review the Circuit Court reversed, and held:

"Decision of the Civil Service Commission of the City of St. Louis of August 19, 1964 reversed and cause remanded to said Commission with directions to have the City Counselor pursuant to Section 20 of Ordinance 50661 determine the amount of Plaintiff's disability leave with pay and recommend same to her appointing authority without regard to the transfer of Malcolm Bliss Mental Health Center by the City of St. Louis to the State of Missouri on April 1, 1964."

From this judgment the present appeal was taken.

Appellant contends that the trial court erred in its decision; that on April 1, 1964, plaintiff's employment by the City was terminated by the transfer of Malcolm Bliss to the State, thus making her an employee of the State and ineligible for further disability leave with pay under the provisions of Ordinance 50661, Section 20. In support of its argument, appellant cites and relies on Article XVIII, Section 8 of the Charter of the City of St. Louis which by its terms prohibit any City employee from holding any office or employment under the State or other political subdivision, and Rule 1(w) of the rules of the Civil Service Commmission which defines an employee as a person legally occupying a position.

■ The fundamental fallacy of appellant's position and the ruling of the Civil Service Commission is in the view that plaintiff became an employee of the State upon the transfer of Malcolm Bliss on April 1, 1964. Plaintiff never agreed to work for the State, but on the contrary in her letter to the Director of Personnel expressly stated that a transfer to State employment was not acceptable to her. Nor was there any implied agreement of employment by the State, for she, at no time, performed any service for the State.

■ The relation of employer and employee must arise out of a contract of employment, express or implied between an employer on the one hand and the employee on the other. 56 C.J.S. Master and Servant § 1, p. 24, and every person has a legal right to dispose of his own labor or service and to work for whom he pleases, 56 C.J.S. Master and Servant § 2c, p. 32. A contract of employment cannot arise against the will or without the consent of an alleged party thereto, 56 C.J.S. Master and Servant § 5, p. 63.

■ It is true that by the transfer of Malcolm Bliss Mental Health Center to the State, there was no longer a city position at said hospital, but that fact does not deprive plaintiff of rights which had accrued prior to said transfer. To so hold would be a too narrow and unfair construction of the ordinance. The position of Hospital Attendant I specified in the ordinance was not abolished. Plaintiff was employed as a Hospital Attendant I, and was found to be injured while in the performance of her duties as such at a time when the ordinance was in full force and effect. We find nothing in the ordinance or under the general law which deprives her of the benefits under the ordinance. The City Counselor should make his recommendations with reference to plaintff's rights under the ordinance, and if further disability leave with pay is recommended plaintiff's immediate superior, who is her present appointing authority, should grant the amount so recommended.

The judgment is affirmed.

WOLFE, P. J., and RUDDY, J., concur.